O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6048 AHM (FFMx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | ROSS GOOD v. DISKEEPER CORPORATION | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:    Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

     On June 19, 2009, Plaintiff Ross Good filed a putative class action complaint against Defendant Diskeeper Corporation ("Diskeeper") in Illinois state court, alleging violations of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. §§ 1681, *et seq*. On July 21, 2009, Defendant removed the case to the Federal District Court for the Northern District of Illinois, and on August 29, 2009, the case was transferred to this Court. On July 28, 2009, while the case was still before the Northern District of Illinois, Defendant Diskeeper moved for a more definite statement under Fed. R. Civ. P. 12(e), and on August 21, 2009, Defendant renewed that motion in this Court. For the following reasons, the Court DENIES the motion.[1]

     Fed. R. Civ. P. 12(e) provides that

     A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

In light of the liberal pleading permitted by Fed. R. Civ. P. 8(a), motions for a more definite statement are viewed with disfavor and are rarely granted. 2 *Moore's Federal*

---

[1] Docket Nos. 12 and 32.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6048 AHM (FFMx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | ROSS GOOD v. DISKEEPER CORPORATION | | |

*Practice* (3rd ed.) § 12.36[1].  Ordinarily, a motion for a more definite statement should not be granted "unless the defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996).  The motion is not a substitute for discovery; if the detail sought "is obtainable through discovery, the motion should be denied."  *Beery v. Hitachi Home Electronics (America), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

  Here, Defendant can form a responsive pleading.  Its only remaining ground for this motion is that the Complaint is intentionally vague as to whether Plaintiff received the receipt that allegedly illegally displayed his credit card's expiration date via mail or email.  Defendant argues that because some—though by no means all—courts have held that electronic transmissions do not violate FACTA, Defendant is entitled to be informed in the Complaint as to whether Plaintiff alleges an electronic or paper transmission so that it can challenge Plaintiff's claim in a Rule 12(b)(6) motion to dismiss.[2]  *See* Complaint ¶ 18.

  However, Defendant is not entitled to be informed of every facet of Plaintiff's case at the pleadings stage—it need only receive enough detail to be informed of the nature of the claims against it and to be able to form a responsive pleading.  Plaintiff's Complaint satisfies those requirements.  Here, the details sought by Defendant are obtainable through discovery, and so the Court DENIES its motion for a more definite statement.

  No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

                                        :

Initials of Preparer   se

---

  [2]Defendant also argues that because Plaintiff's opposition to this motion was filed one day late, it should be disregarded.  The Court declines to do so in this case.