NOTE: CHANGES MADE BY THE COURT

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS GOOD, | ) CASE NO. CV 09-6048 AHM (FFMX) |
| Plaintiff, | ) STIPULATED PROTECTIVE ORDER |
| v. | ) |
| DISKEEPER CORPORATION, | ) |
| Defendant. | ) |

Plaintiff and Defendant hereby stipulate and agree that, upon entry by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,[1] the following Stipulated Protective Order shall govern the disclosure of material and other discovery in the Action, including and such material or discovery produced by nonparties.

---

[1] Nothing herein is intended to modify, amend or supersede any of the parties' rights or obligations to request, produce, provide or respond to discovery under the Federal Rules of Civil Procedure or other applicable law.

1.     This Protective Order ("Order") shall govern the designation and handling of all confidential documents and information produced in this action by any party or non-party person or entity.

2.     Any party or third party that submits to the jurisdiction of this Court for adjudication of production and designation disputes who is required to produce documents or disclose information in discovery in this case (the "Producing Person") may designate as "confidential" any non-public material that the producing person believes, in good faith, contains information related to a trade secret, customer lists, non-public pricing information, personal consumer information, including social security numbers or consumer credit report, confidential research or any other information subject to a legally protected right to privacy ("Confidential Information").

3.     Designation of Confidential Information shall be made prior to the time of production of documents by stamping or marking the documents as "confidential" in a location that makes the designation readily apparent. A designation of Confidential Information reflects a good faith determination by counsel that the material falls within the definition of Confidential Information under the Protective Order.

4.     Deposition testimony may be designated as "confidential" in whole or in part, within thirty (30) days after receipt of the written transcript by the

designating party.   Until that time, all deposition testimony shall be treated as confidential to permit counsel for the party deposed an opportunity to designate the deposition testimony as confidential.   Deposition transcripts so marked and filed with the Court shall be kept under seal **only upon Court order. (FFM)**  In the event that a party needs to file a deposition transcript with the Court prior to the expiration of the thirty (30) day period set forth above, that transcript shall be treated as if it had been designated confidential.  Any requests to file Confidential Information under seal must comply with LR 79-5.

   5.      Any information that has not been reduced to documentary form may be designated as "confidential" by informing counsel for the parties in writing that it is "Confidential Information."

   6.      Confidential Information shall not be used for any purpose other than the defense or prosecution of this action in accordance with the provisions of this Order and shall not be discussed or disclosed to any person except as specifically authorized by this Order.   All documents, information, deposition testimony or other material subject to this Order shall not be used, directly or indirectly, by any party for any business, commercial or competitive purpose whatsoever.

   7.      Confidential Information shall be disclosed only to:

      a.      The Court and its staff in this case and in any appeal therefrom;

      b.      The named parties in this litigation;

c.  Counsel of record for the parties in this case;

d.  Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action;

e.  Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

f.  Any other person or entity as to whom counsel for the producer or provider of the Confidential Information agrees in writing, or whom the Court directs shall have access to such information; and

g.  Any deponent.

8.  This Stipulated Protective Order is directed to pretrial discovery, subject to any further order that this Court may enter regarding confidentiality of Confidential Information used in a hearing or trial in this action.

9.  Confidential Information may be used or submitted to the Court in connection with any filing or proceeding in this litigation pursuant to the procedures and restrictions set forth in Local Rule 79-5 of the United States District Court for the Central District of California.

10.  Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal

without prior approval by the Court.   Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal.   The proposed order shall address both the sealing of the application and order itself, if appropriate.   The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope.   Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefore shall appear on the title page of the proposed filing. Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5.   A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.

11.   Disclosure of any Confidential Information to persons described in subparagraphs 7(e), 7(f) and 7(g) of this Order shall be solely for evaluation, testing, testimony, and preparation for trial or other services related to this litigation.   Any such person shall sign a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms.

12.   This Order shall be without prejudice to the right of the parties or other persons to: (i) bring before the Court at any time the question of whether any

particular document or information is confidential or whether its use should be confidential, or (ii) present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13.    A party or any other person objecting to the designation of Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. Within fourteen (14) days after such objection, the parties and any other objection person(s) shall confer in good faith in an effort to resolve the objections.  If such a conference does not resolve the objection, then the designating person may apply to the Court, by motion, for a ruling that material designated by a party as confidential shall be treated as confidential.  The designating party shall have the burden of demonstrating the propriety of that designation.  Pending determination by the Court, material designated by a party as confidential shall be treated as provided in this Order.  Failure of the designating party to apply for a ruling with fourteen (14) days of such conference waives its right to confidentiality for such documents unless this time is extended by mutual consent of the parties.

**Any such motion shall comply with Local Rule 37.  (FFM)**

14.     In the event of a disclosure of Confidential Information to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the party responsible for having made such disclosure shall immediately procure the return of the material and inform counsel for the designating party whose Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

15.     The inadvertent production of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential or privileged and shall constitute neither a waiver of any claim or privilege that may otherwise attach thereto nor a general waiver of such claim or privilege.   Upon demand of the producing party, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing party.

16.     Upon request of counsel for the Producing Party and within sixty (60) days after the final disposition of all claims and defenses asserted in this matter, by settlement or expiration of time to appeal, all Confidential Information must be

returned to counsel for the Producing Party.   The return of Confidential Information includes the return of any and all copies of such Confidential Information, including but not limited to those copies in the custody or control of third parties set forth in paragraph 7(e), 7(f) and 7(g) of this Order.   The provisions of this Order shall continue to be binding after the conclusion of this lawsuit.

17.   Nothing in this Order shall prevent any party from objecting to discovery that it believes is improper.

18.   Nothing in this Order shall prevent any interested member of the public to challenge the sealing of any documents.

19.   In the event that the case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

20.   The terms of this Order shall be binding on the parties and their attorneys.

21.   **Nothing herein shall be construed as relieving any person from any obligation imposed by a third party subpoena or other court process. (FFM)**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

After consideration of the terms of the foregoing Stipulated Protective Order, and good cause appearing therefor,

IT IS HEREBY ORDERED that this Stipulated Protective Order shall govern the production of documents and other discovery in the above-entitled action.

DATED:  May 7, 2010

/S/ FREDERICK F. MUMM
UNITED STATES MAGISTRATE JUDGE

EXHIBIT "A"

UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS GOOD,<br><br>   Plaintiff.<br><br>v.<br><br>DISKEEPER CORPORATION,<br><br>   Defendant. | CASE NO. CV 09-6048 AHM (FFMX) |

CERTIFICATION

  The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order entered in this action dated _____, 2010 that he or she understands the terms thereof, and agrees to be bound by its terms

        By:_____

        Dated:_____